IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE BARNES, | ) | |
|     Petitioner, | ) | Civil Action No. 13-68 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL HARLOW, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Bennie Barnes, is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Barnes is not entitled to habeas relief. That is the case here because his petition is second or successive and he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.    Relevant Background**

After a jury trial in the Court of Common Pleas of Erie County, Barnes was convicted of rape and aggravated indecent assault. On November 1, 1999, the court sentenced him to a term of 8-20 years' imprisonment.

1

The Superior Court affirmed his judgment of sentence. Thereafter, Barnes filed in state court numerous unsuccessful motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*

On or around April 1, 2005, Barnes filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his November 1, 1999, judgment of sentence. That petition was docketed as Barnes v. Brooks, et al., 1:05-cv-100 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. On August 18, 2006, Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

On September 20, 2007, Barnes filed with the Third Circuit Court of Appeals an application for authorization to file a second or successive petition under 28 U.S.C. § 2254. The court denied it. See Oct. 18, 2007, *Order* in In re: Bennie E. Barnes, Court of Appeals Docket No. 07-3789 (3d Cir.).

In November of 2011, Barnes filed with this Court another petition for a writ of habeas corpus in which he once again challenged his November 1, 1999, judgment of sentence. That action was docketed as Barnes v. Erie County Court of Common Pleas, et al. No. 11-cv-255 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. I issued an R&R in which I recommended that the petition be dismissed as second or successive. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case.

On or around March 8, 2013, Barnes filed the instant habeas petition. He again challenges his November 1, 1999, judgment of sentence and seeks an order from this Court directing that he be

immediately released from his imprisonment. [ECF No. 1]. This is at least the third time he has attempted to challenge his November 1, 1999, judgment of sentence by way of a federal habeas petition.

**B.     Discussion**

AEDPA mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Barnes has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

**C.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds

3

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Barnes is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 15, 2013

cc:    Sean J. McLaughlin
       United States District Judge

4